## OLD AMERICAN LIFE INS. CO. *v.* UNION NATIONAL BANK EXEC.

5-4294                                                419 S. W. 2d 122

### Opinion delivered October 9, 1967

*Jack Young,* for appellant.

*Billy L. Satterfield,* for appellee.

CARLETON HARRIS, Chief Justice. William V. Browning purchased a hospitalization policy from the Southern Union Life Insurance Company, making application for same on January 21, 1965. The policy obligations of Southern Union were assumed by Old American Life Insurance Company prior to the filing of this action. The application was taken by K. L. McGuire, described by appellant in its statement of the case as "a special agent of Southern Union with authority to solicit applications for insurance." At the time of making application, Browning paid an enrollment fee of $10.00, and an amount equal to a month's premium ($9.95). On January 27, 1965, the policy was issued, and was delivered to Browning by McGuire the next day. On this date McGuire also collected from Browning the sum of $109.45, representing eleven months' premium under the policy.

There is a clause in the policy which provides that certain diseases, and surgery resulting from sickness,

are covered after six months if the policy is issued on a monthly basis; covered after three months if same is issued on a quarterly basis, after forty-five days if issued on a semi-annual basis, and coverage is provided after only fifteen days if the policy is issued on an annual basis. On April 28, 1965, more than fifteen days after the issuance of the policy, but less than six months from January 27, 1965, Browning was hospitalized for surgery for a bleeding ulcer, and the question at issue in this litigation is whether coverage existed. The parties have stipulated that, if coverage was in effect, the company was obligated in the sum of $1,467.02, exclusive of penalties, attorneys fees, and costs. The company denied liability, and suit was instituted by Browning. On trial, the Pulaski Circuit Court (Second Division), sitting as a jury, found as follows:

"That the Plaintiff and the Defendant entered into a contract or policy of insurance and at the time the policy in question was delivered to the Plaintiff, the Plaintiff was given a receipt dated January 28, 1965, which stated:

'RECEIVED OF Mr. William Browning $119.40 plus $10.00 for the first 12 month's cost beginning with the date of the policy.'

The policy itself states that the insured will be 'covered after 15 days if issued on an annual basis.' The policy provided for a 6 months' waiting period if issued on a monthly basis.

The Court finds that by paying the 12 months' costs, or annual premium, the insured was covered by the 15 day waiting period instead of the 6 months' waiting period. The Court further finds that the insurance company was estopped by the action of its agent to deny that the 15 day waiting period was in effect.

The parties stipulated that:

'K. L. McGuire was, on January 28, 1965, an agent for Southern Union Life Insurance Company, acting for them in binding the company on the aforementioned contract.' ''

Judgment was rendered against Old American Life Insurance Company in favor of Browning[1] in the amount of $1,467.02, plus 12% penalty, attorney's fee in the amount of $485.00, and costs in the sum of $11.80. From the judgment so entered, appellant brings this appeal. For reversal, it is urged that the court erred in admitting testimony of oral statements and representations tending to change or modify the written documents, and further, that the court erred in concluding that the agent had authority to contract outside the written terms of the policy of insurance.

Over objections, the court permitted Browning to testify that Mr. McGuire, and another representative of Southern Union Life Insurance Company, talked with him about purchasing a policy. Browning stated that they did not have a sample of the policy with them; he desired to see one before making the purchase, and they agreed that he would pay his enrollment fee and a month's premium, which would enable the policy to be issued. Browning testified that he was told that if he bought the policy for only a month, there would be a six months' waiting period, while if he paid a year's premium, there would only be a fifteen day waiting period. Browning stated that he did not want any policy for just one month, but wanted to pay his premium for twelve months. In line with this conversation, he gave McGuire a check for $19.95, representing the enrollment fee and a month's premium, it being understood that the balance of the year's premium would be paid when the policy was delivered. One week after the application was submitted, McGuire took the policy to Browning, and the latter then gave the agent a check in the amount

[1]Browning has since died, and Union National Bank, executor of his estate, has been substituted as party plaintiff.

of $109.45, payable to the Southern Union Life Insurance Company, representing the full premium for one year. McGuire then gave to Browning a company receipt (the name of the company appearing in print at the top, together with its address), which shows that he received of the policyholder "$119.40, plus $10.00 for the first 12 months' cost, beginning with date of the policy." The record reflects that both checks given by Browning were presented to the Union National Bank, and were stamped by the bank, "paid." This was all the proof offered in the case, Browning's testimony being undisputed.

Appellant argues that the court erred in permitting this oral testimony; that there are no ambiguities in either the application, or the policy, and the written contract between the parties cannot be varied by oral evidence. The application itself does not state at any place that Browning was applying for a policy that would be paid monthly. A box at the top of the lefthand corner of the page reflects monthly payments to be $9.95, quarterly payments, $29.85, semi-annual payments, $59.70, and annual payments, $119.40. This certainly shows that one can obtain a policy for any of these periods. At the bottom of the page, there is a notation by McGuire showing that one month's premium had been paid. On the face of the policy, there is a schedule showing (as in the application) the amount of one month's premium, three months', six months', and twelve months'. The effective date is shown to be January 27, and the initial term is shown as expiring on February 27. It is appellant's contention that the payment of the premium for eleven months was simply, under the policy, the payment of eleven renewals in advance.

Let it here be pointed out that, though appellant, in its statement of the case, says that McGuire was "a *special* [our emphasis] agent," the italicized word does not appear in the stipulation entered into between the parties. The stipulation simply reads, as set out in the court judgment, "K. L. McGuire was, on January 28, 1965, an agent for Southern Union Life Insurance Com-

pany, acting for them and binding the company on the aforementioned contract." The company argues that McGuire was only authorized to sell insurance and deliver policies. It will be noted however, that there is nothing in this stipulation which sets out that McGuire's authority was limited in any manner. While the stipulation recites that McGuire was acting for the company in binding it on the contract, there is no language which indicates that this represented his full authority. We think that, to say the least, under all the circumstances, there is an ambiguity here which creates a question of fact, *i. e.*, what was the authority of McGuire in the instant case? Of course, juries (or the Circuit Court sitting as a jury) determine fact questions.

Under the stipulation relative to agency, the company receipt given to Browning by McGuire on January 28 (one day after the policy became effective) showing payment of a year's premium, and the other facts herein mentioned,[2] we think a question of fact was presented to the court relating to the authority possesssed by the agent. The court decided this question adversely to appellant company, and we are unable to say that there was no substantial evidence to support the findings.

Affirmed.

---

[2]While the record definitely shows that the checks made out to the company were paid, there is no evidence as to whether the company tendered a refund of any part of the last amount paid.